STEPHEN M. CHESTER, Respondent, *v.* FRANCOIS HENRY
JUMEL *et al.*, Appellants.

*Supreme Court, First Department, General Term, May* 24, 1889.

*Jurisdiction.*—A priority of right over the subject matter is obtained
by the proceedings in an action first begun in which all persons
interested were made parties, and complete jurisdiction is thereby
secured; and no attempt can be made in a second suit to interfere
with the litigation in the former action, or to divest the court of
the power to complete its hearing, and make a final disposition
of the subject matter of the litigation

Appeal from a judgment entered upon the report of a
referee.

*H. B. Titus,* for appellants.

*Douglas Campbell* and *Edward Winslow Paige,* for
respondent.

DANIELS, J.—The points which have been presented in
support of this appeal have so far been considered and dis-
posed of in the appeal taken by the heirs from the judgment
as to render it necessary to add but little for the disposi-
tion of this appeal. Neither the contract made between
the defendant and the heirs, nor the construction of it
adopted by the referee, has here been drawn in question.
But it has been insisted that the parties, whose rights, as
assignees, have been held to be properly sustained by the
referee, should not be allowed payment of their demands
out of the proceeds of the property. No further consider-
ation is necessary than that which has already been
bestowed upon these points, for their final disposition.

It has, however, been insisted that the court had no juris-
diction of this action, after the suit was brought and the

judgment recovered in that suit in favor of Jean Albert
Tauziede and another, directing the sale and disposition of
the property. But, that objection is clearly without any
foundation whatever. For the action in this manner refer-
red to was commenced after the actions in which the judg-
ment appealed from was recovered, and the second action
was in no manner interposed by way of defense to the
first action. Neither could such a defense have succeeded
if it had been presented before the referee for his decision.
By the proceedings in the action, commenced by Chester,
to which all the parties were made defendants, a priority of
right over the subject-matter was obtained. Jurisdiction
complete, in all respects, was in that manner secured. And
no attempt was made nor could it have been made in the
second suit, to interfere with that litigation, or to divest
the referee, or the court, of the power to complete its hear-
ing, and make a final disposition of it. On the contrary,
the judgment in the second suit has proceeded upon the
conclusion that the judgment in the action tried before the
referee, was, in all respects, conclusive upon the rights of
the parties, and it has directed a disposition of the proceeds
of the property in conformity with the conclusions main-
tained by the judgment in this preceding suit.

By the present appeal, no substantial reason has been pre-
sented for interfering with the decision in the other action,
further than that which has already been directed and pro-
vided for by the disposition of the other appeal.

The judgment on this appeal should, accordingly, be af-
firmed, but without costs to either party.

VAN BRUNT, Ch. J., concurs.